UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| EUGENE K. JONES-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-5-SNLJ |
| | ) | |
| BILL STANGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to commence this action without payment of the required filing fee [Doc. 2]. After reviewing plaintiff's financial information, the Court will grant the motion and assess plaintiff an initial filing fee of $1.50, which is twenty percent of his six-month average deposits. Additionally, the Court will order plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v.*

*Hernandez*, 112 S. Ct. 1728, 1733 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**The Complaint and Supplements**

Plaintiff, an inmate at the Southeast Correctional Center, seeks monetary, declaratory, and injunctive relief in this action against the Missouri Department of Corrections ("MDOC"), Corizon Medical Services ("Corizon"), and forty-two MDOC and/or Corizon employees.  Plaintiff states that he bringing this action under 42 U.S.C. § 1983 for the violation of his Eighth Amendment rights.  He generally complains that he has not been issued a "medical lay-in" and that he is not allowed to use a toilet when he is engaging in "small yard recreation periods."  He states that he is in imminent danger of serious physical injury.  Plaintiff is suing defendants in both their individual and official capacities.

**Discussion**

At the outset, the Court notes that plaintiff has not filed his complaint on a court form. In addition, he has failed to assert non-conclusory claims against each of the named defendants, he has failed to include all his claims in one pleading, and he has filed numerous exhibits, making it difficult to ascertain the precise nature of his claims.

Because plaintiff is proceeding pro se and in forma pauperis, the Court will give him an opportunity to file an amended complaint in this action. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file an amended complaint, limiting his facts and allegations to the defendant(s) involved in said occurrence. Plaintiff should only include in his amended complaint those claims that arise out of the same transaction or occurrence, or simply put, claims that have some relation to each other. *See* Fed.R.Civ.P. 20(a)(2). Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single individual. *See* Fed.R.Civ.P. 18(a).

Moreover, plaintiff is advised that all claims in an action must be included in one, centralized complaint form, as neither the Court nor defendants wish to search through supplemental and prior pleadings in order to piece together plaintiff's

claims.  **As such, plaintiff is warned that the filing of an amended complaint replaces the original complaint, supplements, and all previously-filed pleadings and exhibits, and therefore, he must include each and every one of the claims he wishes to pursue in the amended complaint.**  *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005).*  **Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered**.  Id.  **Plaintiff is advised that the amended complaint will replace the original complaint and supplements and will be the only pleading this Court reviews.**  *Id.*  **If plaintiff wishes to sue defendants in a particular capacity, plaintiff must specifically say so in the amended complaint.**

Plaintiff is reminded that he is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing or legibly writing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated.  **If plaintiff is suing**

**more than one defendant, he shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated.** It is improper for plaintiff to name forty-four defendants and generally allege that "defendants" violated his constitutional rights. Rather, he must set forth his claims, separately and in numbered paragraphs, as to each named defendant, the specific allegations relative to that particular defendant, as well as the right(s) allegedly violated. **Plaintiff is instructed not to attach any exhibits to the amended complaint.**

The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim." Because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time.

If plaintiff wishes to pursue additional claims against additional defendants, and the claims to not arise from the same transaction or occurrence he has chosen

to advance in his amended complaint, he must file each such claim(s) on a separate complaint form and either pay the entire filing fee or file a motion for leave to proceed in forma pauperis.

Last, the Court will deny, without prejudice, plaintiff's motion for appointment of counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.* After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex, and it appears that plaintiff will be able to present his claims against defendants. Consequently, the motion will be denied at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $1.50 within thirty (30) days from the date of this Order. Plaintiff is

instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the instructions set forth in this Memorandum and Order, no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a blank form for the filing of a prisoner civil rights complaint. Plaintiff may request additional forms from the Clerk, as needed.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc.3] is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action, without prejudice and without further notice.

Dated this 8th day of March, 2016.

_____
**UNITED STATES DISTRICT JUDGE**