UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EUGENE K. JONES-EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-CV-5-SNLJ |
| | ) |
| BILL STANGE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the filing of plaintiff's amended complaint [Doc. 8].[1] Although plaintiff, who is a prisoner, was previously granted leave to proceed in forma pauperis, it now appears, after having reviewed the amended complaint and plaintiff's numerous previous filings with this Court, that plaintiff has filed at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim.[2] Under 28 U.S.C. § 1915(g), therefore, plaintiff may not proceed in forma pauperis unless he "is under imminent danger of serious physical injury."

---

[1] The amended complaint was filed pursuant to the Court's March 8, 2016 Memorandum and Order [Doc. 7].

[2] *See Jones v. Joyce,* No. 4:10-CV-369-FRB (E.D. Mo.); *Jones v. Joyce*, No. 4:09-CV-1972-CEJ (E.D. Mo.); *Jones v. Sayle*, No. 4:98-CV-17-ERW (E.D. Mo.).

## The Amended Complaint

Plaintiff, an inmate at the Southeast Correctional Center ("SECC"), seeks monetary, declaratory, and injunctive relief in this 42 U.S.C. § 1983 action for alleged constitutional violations he sustained at SECC. There are forty-seven named defendants, and plaintiff is suing them in both their individual and official capacities.

Plaintiff states that he has some sort of bowel problem that results in incontinence. He further states that when inmates are outside during recreation, they may not enter the prison facility to use the bathroom. Liberally construing the amended complaint, plaintiff is complaining that all defendants are violating his constitutional rights by not providing him a toilet, or "alternative means," during his one-hour "small yard recreation." More specifically, he states, "from September 2014 to this very day of March 18, 2016, [defendants have] placed me in imminent danger of serious physical harm by approving and condoning the enactment of a procedural rule that denies me the use of a toilet and/or an alternative means by which the toilet could be used inside the one hour time period leading up to the next scheduled movement during the small yard recreation periods," which results in plaintiff defecating and urinating on himself. Plaintiff states that he suffers a myriad of physical and emotional injuries due to the incontinence episodes during recreation. Plaintiff states that he is being "forced

to choose between [his] small yard recreation period just so [he] could have access to a toilet." In addition, plaintiff summarily complains that he is "constantly being denied the issuance of a lay-in order, medical or otherwise."

**Discussion**

After reviewing the amended complaint, the Court finds no indication that plaintiff is in imminent danger at SECC due to defendants' alleged conduct and/or policies. Although plaintiff summarily employs the terminology, "imminent danger," the facts set forth in in the amended complaint simply do not satisfy the imminent danger requirement of § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). It is unclear how often plaintiff engages in "small yard recreation," but when it is available, he apparently continues to choose to engage in the one-hour recreation despite his alleged incontinence issue and resulting adverse physical and emotional consequences. Moreover, it seems incongruous that plaintiff is suing forty-seven defendants for failing to give him a lay-in order when he is also complaining that he wants to go out to recreation. As a result, the Court will vacate its previous March 8, 2016 orders granting plaintiff leave to proceed in forma pauperis and assessing a $1.50 initial partial filing fee and will dismiss this action without prejudice to refiling as a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Court's previous March 8, 2016 orders granting plaintiff leave to proceed in forma pauperis and assessing a $1.50 initial partial filing fee are **VACATED**; plaintiff will not be allowed to proceed in forma pauperis in this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 31st day of March, 2016.

_____
UNITED STATES DISTRICT JUDGE