**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| EUGENE K. JONES-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:16-CV-5-SNLJ |
| ) | |
| BILL STANGE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This closed civil matter is before the Court upon review of self-represented plaintiff Eugene K. Jones-El's motion titled "Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(4) and/or (6) (Relief From Void Judgment, Mistaken Judgment, or Other Reasons)." (ECF No. 15/filed August 4, 2022). The motion will be denied.

**Background**

The background of this case is fully set forth in the prior orders of this Court, but the Court recites the following essential facts. Plaintiff is a prisoner who is subject to 28 U.S.C. § 1915(g). He initiated this action on or about January 7, 2016 by filing a complaint seeking relief against the Missouri Department of Corrections, Corizon, and more than forty employees of those entities. He generally complained he was not given a medical "lay in" or allowed to use a toilet during one-hour optional recreation periods, and he stated without support he was in imminent danger of serious physical injury. However, he failed to assert non-conclusory claims, and he filed numerous documents that obfuscated his claims. In its Memorandum and Order dated March 8, 2016, the Court granted plaintiff leave to proceed *in forma pauperis*, and directed him to file an amended complaint.

Plaintiff filed an amended complaint on March 21, 2016. As set forth in this Court's March 31, 2016 Memorandum and Order, plaintiff claimed he had a bowel problem that resulted in incontinence. He claimed that when inmates are outside during one-hour optional recreation time, they may not re-enter the prison to use the bathroom. He claimed the numerous defendants were placing him in imminent danger of serious physical injury by not allowing him toilet access or "alternative means" during the one-hour recreation time. He complained he was forced to choose between participating in the one-hour recreation period, and uninterrupted toilet access.

In its March 31, 2016 Memorandum and Order, this Court determined that plaintiff's allegations did not establish imminent danger of serious physical injury, as required for this Court to allow him to proceed *in forma pauperis*. The Court revoked plaintiff's *in forma pauperis* status, and dismissed the action without prejudice. Subsequently, plaintiff unsuccessfully sought reconsideration of the Court's judgment.

Plaintiff filed the instant motion on August 4, 2022 to again seek relief from the Court's 2016 judgment. In support, he contends that his amended complaint clearly alleged that, for more than six days, the defendants denied him access to a toilet, denied him alternative toileting means, and denied him a medical lay-in to stop the denials of toilet usage. He argues that those allegations established that he was in imminent danger of serious physical injury, and the Court therefore "clearly erred" when it revoked his *in forma pauperis* status and dismissed his case without prejudice.

**Discussion**

Plaintiff filed the motion pursuant to Rule 60(b)(4) and 60(b)(6), which provides for relief when the judgment is void, and for any other reason that justifies relief. "Rule 60(b)

provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (internal quotation omitted). A motion filed pursuant to Rule 60(b)(4) and 60(b)(6) must be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1).

Having carefully reviewed and liberally construed the instant motion, the Court finds it fails to point to any exceptional circumstances. As set forth above and in the Court's March 31, 2016 Memorandum and Order, the amended complaint did not allege a more than six-day denial of toilet access, alternative toileting means, or necessary lay-ins. Plaintiff's motion points to no legitimate basis to conclude that the Court "clearly erred," as he asserts. Additionally, plaintiff offers nothing permitting the conclusion that the motion was filed within a "reasonable time," as required. *See id.* The motion is meritless, and will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration (ECF No. 15) is **DENIED**.

Dated this 11th day of August, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE